## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY, | CV 22-86-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| BRETT FRIEDE, LINDI MANDY, and ANDRA GRATT, | |
| Defendants. | |

Plaintiff Bobby Francis Lowry, a state prisoner proceeding without counsel, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Defendants Brett Friede, Lindi Mandy, and Andra Gratt (collectively "Defendants") violated his right to due process and threatened him in conjunction with proceedings involving the Montana Department of Labor and Industry. (Doc. 6.) The Court ordered Defendants to respond. (*See* Doc. 7); 42 U.S.C. § 1997e(g)(2). Defendants now seek to dismiss Lowry's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Lowry opposes. (*See* Doc. 12.) For the reasons stated below, Defendants' motion is granted.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

Pro se complaints are to be construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), and, ordinarily, a court should permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." (Internal quotation marks omitted)). But "[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## BACKGROUND

The following facts are taken from Lowry's Amended Complaint, (*see* Doc. 6-1), and, at this stage of the proceeding, are assumed to be true and construed in the light most favorable to him. *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114

(9th Cir. 2021). Lowry opened a small electrician business in 2020 that employed approximately 17 employees. (Doc. 6-1 at 1; Doc. 6-2 at 1.) At some point thereafter, and for reasons not made clear in Lowry's pleading, Brett Friede, an investigator with the Montana Department of Labor and Industry, "launched a 'full investigation'" into the business. (Doc. 6-1 at 1.) Lowry alleges that Friede harassed Lowry and his employees. Lowry alleges that Friede accused Lowry of being in default on his unemployment insurance after Lowry no longer had salaried employees. (*Id.*)

Lowry claims that he explained to Friede that he no longer had permanent employees and instead used an employment agency. (*Id.*) Lowry alleges that in response, Friede told Lowry that this change "relieve[d]" him of the requirement to pay any unemployment insurance contributions, or "UI Contributions." (*Id.*) However, "[a]fter hundreds of calls and meetings[,] the fines continued to be placed on" Lowry. (*Id.* at 1–2.) Lowry then contacted an investigator named Andra Gratt with the hopes of resolving the issue. (*Id.* at 2.) Lowry alleges that "even though [he] called Mrs. Gratt hundreds of times and sent thousands of emails, no matter what [he] tried Mrs. Gratt would claim she never received said documents or emails." (*Id.*) Lowry then contacted a "compliance tech" named "Cindi Mandy," who Lowry alleges "outright attacked" him and "swore she and her friends were going to get [Lowry's] business shut down at any cost." (*Id.*)

3

In November 2022, Lowry filed the present action, alleging his civil rights were violated when the Department of Labor and Industry placed liens on his property and potential tax returns to recoup the UI Contributions that Lowry maintains he did not owe. (*See* Doc. 2; *see* Doc. 4 at 2.) In January 2023, Lowry filed his Amended Complaint, (*see* Doc. 6), which Defendants were required to answer. (*See* Doc. 7.) Lowry alleges that the Montana Department of Labor and Industry failed to afford him due process when the agency determined, through the actions of Defendants, that he was delinquent in his UI Contributions and issued a notice that it would seize and direct any state monies or tax refunds owed to him toward that debt (approximately $15,000). (*See* Docs. 6-2, 12-1.) Lowry further alleges that Mandy threatened him.[1] (*See* Doc. 6-1 at 2.) Lowry has sued Friede in his official capacity and Gratt and Mandy in their individual capacities. (Doc. 6 at 2–3.) For relief, Lowry seeks all legal costs and $15,000. (*Id.* at 5.)

## ANALYSIS

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983).

---

[1] In his form Amended Complaint, Lowry also alleges that he was retaliated against "due to a disability." (Doc. 6 at 3.) Lowry's pleading contains no further details regarding this claim and does not identify any disability. The Court declines to consider this claim.

Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted). Defendants argue that Lowry has failed to state a claim because neither the failure to respond to his communications nor a threat to shut down his business rises to the level of a constitutional violation. (*See* Doc. 10.)

## I.    Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const., amend XIV. Whether asserting a substantive or procedural due process violation under the Fourteenth Amendment, a plaintiff must show that he was deprived of a "constitutionally protected life, liberty or property interest." *Hotop v. City of San Jose*, 982 F.3d 710, 718 (9th Cir. 2020). Because it is not clear from Lowry's Amended Complaint whether his claim relies on procedural or substantive due process protections, the Court will consider both.

### A.    Procedural Due Process

"A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the constitution; (2) a

deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). At its core, procedural due process requires notice and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Even taking Lowry's allegations as true, *Ariix, LLC*, 985 F.3d at 1114, he fails to state a procedural due process claim against Gratt or Mandy. Lowry alleges that the Department of Labor and Industry deprived him of approximately $15,000 it believes he owes in UI Contributions. Lowry further alleges that Gratt and Mandy are responsible for that deprivation because they failed to respond to his many attempts to communicate with them regarding the alleged error.

Lowry fails to allege that Gratt and Mandy violated a process due to him under the law. In the context of § 1983, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Gratt and Mandy were merely employees of the Department who failed to respond to communications he sent them. The facts as alleged do not show that either Gratt or Mandy had the authority to oversee Lowry's objection to the offset or that the ultimate decision to impose the alleged lien fell to either one of them.

Moreover, to the extent Lowry was due some sort of process, Montana law

provides that an employer/debtor can both challenge and appeal an assessment of unpaid contributions, *see* Mont. Code Ann. § 39-51-1302, and request a hearing within thirty days of receiving notice of an offset, *see* Mont. Code Ann. § 39-51-1307(1). Lowry generally insists that he was never given the opportunity to challenge the Department's actions. Lowry does not claim that he attempted to follow the statutorily prescribed process or that the Department prevented him from doing so. Lowry alleges solely that his informal communications with the Department of Labor and Industry staff were unsuccessful. This omission does not change the fact that Lowry was given notice, (*see* Doc. 6-2), and that Montana law provided him the opportunity to be heard, *see* § 39-51-1307(1). The law requires no more. *See Eldridge*, 424 U.S. at 333.

Lowry fails to state a procedural due process claim against either Gratt or Mandy. *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (explaining that a procedural due process claim requires a deprivation of a protected liberty or property interest and *a denial of procedural protections*). Lowry has made no claim against Friede in his individual capacity. Such a claim would fail for the same reason.

### B.   Substantive Due Process

The Due Process Clause also has a "substantive component" that protects individuals against "certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights, Tex.*, 503

U.S. 115, 125 (1992) (internal quotation marks omitted). Establishing a substantive due process violation proves difficult as there exists a "presumption that the administration of government programs is based on a rational decisionmaking process that takes account of competing social, political, and economic forces." *Id.* at 128. Consistently, substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (quoting *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998)). Lowry's allegations fall far short of the conduct necessary to "shock the conscience." *See id.* Accordingly, such a claim also fails.

## II.    Threat

Lowry further alleges that his civil rights were violated when Mandy told him that "she and her friends were going to get [Lowry]'s business shut down at any cost." (Doc. 6-1 at 2.) Lowry fails to specify which constitutional right was implicated by Mandy's conduct. Courts generally have held that "mere verbal threats do not provide the basis for a viable § 1983 claim." *Sweetman v. Borough of Norristown, PA*, 554 F. App'x 86, 90 (3d Cir. 2014) (citing *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)); *cf. McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (explaining that in the custodial context, "mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional

8

violations" (internal quotation marks omitted)). Accordingly, this allegation is not cognizable.

## III. Friede

Lowry has sued Friede in his official capacity. (*See* Doc. 6 at 2.) Lowry seeks only monetary damages. (*Id.* at 5.) Although Lowry is proceeding without the benefit of counsel, he was specifically cautioned that such a claim is not cognizable. (*See* Doc. 4 at 4–5.) Lowry's claims against Friede are dismissed. *See Ex parte Young*, 209 U.S. 123, 167–68 (1908).

Even if Lowry were to seek injunctive relief, he fails to show that the Department of Labor and Industry prevented him from engaging in the administrative hearing and appeals process provided under Montana law. To the contrary, Lowry alleges only that he "contacted multiple staff, via mail and email, and phone calls." (Doc. 6 at 7.) The availability of a statutorily prescribed process that provided Lowry with both notice and an opportunity to be heard satisfies due process concerns. The U.S. Constitution does not require the Department of Labor and Industry to engage in informal communication or dispute resolution. *See Eldridge*, 424 U.S. at 333 ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted)).

## IV.    Amendment

Lowry's Amended Complaint fails to cure all the defects identified in this Court's previous order. (*See* Doc. 4.) Lowry cannot show that he was denied process due under the law. This action is therefore dismissed without leave to amend. *See Lopez*, 203 F.3d at 1129.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that:

1.    Defendants' motion to dismiss (Doc. 9) is **GRANTED**.

2.    The Clerk is directed to close the case and enter judgment in favor of the Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Lowry fails to state a claim and amendment would be futile.

DATED this 5th day of March, 2024.

Brian Morris, Chief District Judge
United States District Court